William Perry Pendley, D.C. Bar No. 378906
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
wppendley@mountainstateslegal.com

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| YOUNG AMERICA'S FOUNDATION<br>110 Elden Street<br>Herndon, Virginia 20170 | )<br>)<br>) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | Judge _____ |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT M. GATES<br>Secretary<br>U.S. Department of Defense<br>Office of the Secretary of Defense<br>1000 Defense Pentagon<br>Washington, D.C. 20301-1000 | )<br>)<br>)<br>)<br>)<br>) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Young America's Foundation, hereby files this Complaint against the above-named

Defendant and alleges as follows:

### JURISDICTION

1.    This Court has jurisdiction pursuant to:  (a) 28 U.S.C. § 1331, because the matter

in controversy arises under the laws of the United States, including, but not limited to 10 U.S.C.

§ 983, also known as the Solomon Amendment; and (b) 28 U.S.C. § 1361, because Plaintiff is

seeking a writ of mandamus compelling Defendant to perform his statutory duty.

**VENUE**

2.    Venue rests properly in this District, pursuant to 28 U.S.C. § 1391(e)(2), because

Defendant, Secretary, U.S. Department of Defense, resides in this judicial district.

**PARTIES**

3.    Plaintiff, Young America's Foundation ("YAF" or "Plaintiff"), is a non-profit,

organization committed to ensuring that young Americans understand and are inspired by the

ideas of individual freedom, a strong national defense, free enterprise, and traditional values.

4.    Plaintiff has constituents who currently attend the University of California at

Santa Cruz ("UCSC") and who desire to interview with military recruiters at job fairs conducted

by the UCSC on its campus but who, due to the failure of Defendant to enforce the Solomon

Amendment, have been prevented from meeting with military recruiters on campus.

5.    Defendant Robert M. Gates is the Secretary, U.S. Department of Defense

("DOD"), and, in that capacity, is the principal defense policy adviser to the President and is

responsible for the formulation of policy related to all matters of direct concern to the DOD and

for the execution of approved policy.  Defendant Gates is also responsible for the

implementation and administration of the Solomon Amendment.

## BACKGROUND

6.      The Solomon Amendment prohibits the distribution of certain federal funds to:

> [A]n institute of higher education (including any subelement of such institution) if the Secretary of Defense determines that the institution (or any subelement of such institution) has a policy or practice (regardless of when implemented) that either prohibits or in effect prevents--
>
> > (1) the Secretary of a military department or Secretary of Homeland Security from gaining access to campuses, or access to students (who are 17 years of age or older) on campuses, for purposes of military recruiting in a manner that is at least equal in quality and scope to the access to campuses and to students that is provided to any other employer.
>
> * * *

10 U.S.C. § 983(b).

7.      Upon information and belief, UCSC received approximately $80 million in federal funds in 2005 and continues to receive tens of millions of dollars in federal funds annually.

8.      Upon information and belief, on or about April 5, 2005, UCSC held a job fair, which included recruiters from the U.S. Marine Corps, at which approximately 200 faculty and student protesters stormed the Stevenson Event Center while shouting, banging on windows, and demanding that the military recruiters leave campus.  After approximately an hour of such activity by the protesters, the military recruiters vacated their posts and fled the job fair.  Several military recruiters discovered that the tires on their vehicles had been slashed.

9.      Upon information and belief, no non-military employers were forced to flee the job fair or were subjected to impaired access to the campus or students.

10.     Upon information and belief, the protesters occupied the military recruiters' table after the military recruiters' departure and UCSC officials thereafter permitted the faculty and student protesters to distribute anti-military literature and agreed to a meeting to discuss future job fairs.

11.     Upon information and belief, on or about October 18, 2005, UCSC held a job fair at which military recruiters were present.  Hundreds of faculty and student protesters marched and rallied in protest to the military recruiters' presence and, thus, were able to block access to military recruiters at the job fair.

12.     Upon information and belief, no non-military employers were subjected to impaired access to the campus or students.

13.     Upon information and belief, on or about April 11, 2006, UCSC held a job fair at which four recruiters from the U.S. Army and U.S. National Guard were present.  After several faculty and student protesters attempted to force themselves inside the fair and other protesters blocked the entrance to the job fair for all students, the military recruiters departed from the job fair due to the unsafe environment for them and UCSC students created by the protesters.

14.     Upon information and belief, no non-military employers were forced to flee the job fair or were subjected to impaired access to the campus or students.

15.     On or about April 12, 2006, the undersigned counsel wrote to then-Secretary of Defense, Donald Rumsfeld, advising him of the failure of UCSC to provide the access required by the Solomon Amendment for military recruiters and urging then-Secretary Rumsfeld to withhold the applicable federal funds from UCSC for its violation of the Solomon Amendment. No response to that letter was ever received.

16.    Upon information and belief, UCSC canceled a job fair that was scheduled for January 31, 2007, due to safety concerns associated with UCSC protesters who planned to oppose the presence of military recruiters on the UCSC campus.

17.    Upon information and belief, the U.S. Army and U.S. Marine Corps recruiters withdrew from a job fair at UCSC that was to take place on or about April 24, 2007, one day after student government leaders sent a letter to the UCSC administration regarding their expectation that a large faculty and student protest was imminent due to the presence of military recruiters and that that protest would impair students' access to the job fair.

18.    Upon information and belief, none of the non-military employers were cited as possible reasons for the protest nor was it suggested that access to them was likely to be impaired by the protest.

19.    Upon information and belief, the UCSC administration and faculty have given tacit approval to the actions of the UCSC faculty and students by failing to take steps to inhibit the protests and/or otherwise prevent the protest of military recruiters on campus.

20.    Upon information and belief, the UCSC administration and faculty have made no effort to ensure the safety of military recruiters or their ability to access students on the UCSC campus.

21.    Upon information and belief, military recruiters' access to the UCSC campus and access to UCSC students on campus has been significantly less than the access provided to non-military employers.

22.    Upon information and belief, UCSC has a policy and/or practice that prohibits or, in effect, prevents military recruiters from gaining access to campus and/or access to students on campus that is, at least, equal in quality and scope to the access UCSC provides to non-military

employers.  Because of this policy and/or practice, military recruiters have been prohibited and/or, in effect, prevented from recruiting on UCSC's campus for approximately three years and YAF's constituents have thereby been injured because they have been unable to access military recruiters during job fairs on campus.

## FIRST CLAIM FOR RELIEF
### (Writ of Mandamus to Compel Defendant to Determine that UCSC is in Violation of Solomon Amendment)

23.    Plaintiff incorporates the allegations in paragraphs 1 through 22 as if fully set forth herein.

24.    UCSC has a policy and/or practice that either prohibits or, in effect, prevents military recruiters from gaining access to its campus and/or access to its students on campus that is, at least, equal in quality and scope to the access its provides to non-military employers.

25.    The Solomon Amendment imposes upon Defendant a non-discretionary ministerial duty to expeditiously make a final determination that an institution has a policy or practice that either prohibits or, in effect, prevents military recruiters from gaining access to its campus and/or access to its students on campus that is, at least, equal in quality and scope to the access its provides to non-military employers.  10 U.S.C. § 983.

26.    To date, Defendant has failed to perform this non-discretionary, ministerial duty with respect to UCSC.

27.    Defendant's failure to perform this duty has injured Plaintiff and its constituents because it has deprived Plaintiff's constituents of access to military recruiters on the UCSC campus.

28.     This Court has the authority, pursuant to 28 U.S.C. § 1361, to issue a writ of mandamus compelling Defendant to make a final determination that UCSC is in violation of the Solomon Amendment, 10 U.S.C. § 983, and is, thus, not eligible to receive certain federal funds.

## SECOND CLAIM FOR RELIEF
### (Writ of Mandamus to Compel Defendant to Withhold Federal Funds)

29.     Plaintiff incorporates the allegations in paragraphs 1 through 28 as if fully set forth herein.

30.     The Solomon Amendment provides that, upon a determination by Defendant that an institution of higher education has a policy or practice that either prohibits or, in effect, prevents the military recruiters from access to its campus and/or access to its students on campus that is, at least, equal in quality and scope to the access the institution provides to non-military employers, Defendant shall ensure that the federal funds listed in 10 U.S.C. § 983(d)(1) be withheld from that institution.

31.     This Court has the authority, pursuant to 28 U.S.C. § 1361, to issue a writ of mandamus compelling Defendant to take immediate action to withhold the applicable federal funds from UCSC.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Declare and adjudge that the University of California at Santa Cruz has a policy and/or practice that prohibits and/or, in effect, prevents military recruiters from access to its campus and/or access to students on its campus that is, at least, equal in quality and scope to the access it provides to non-military employers.

B.     Declare and adjudge that Defendant has unlawfully failed to determine that the University of California at Santa Cruz is in violation of the Solomon Amendment.

C.      Order Defendant to make a determination that the University of California at Santa Cruz is in violation of the Solomon Amendment.

D.      Declare and adjudge that Defendant must take immediate action to withhold the applicable federal funds from the University of California at Santa Cruz.

E.      Order Defendant to withhold the applicable federal funds from the University of California at Santa Cruz for its past and ongoing violations of the Solomon Amendment.

F.      Award Plaintiff attorneys' fees, costs, and other expenses in accordance with law, including, but not limited to, the Equal Access to Justice Act, 28 U.S.C. § 2412; and

G.      Award Plaintiff such other and further relief as the Court deems just and equitable.

DATED this 25th day of July 2007.

Respectfully Submitted By:

MOUNTAIN STATES LEGAL FOUNDATION


/s/ William Perry Pendley
William Perry Pendley, D.C. Bar No. 378906
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
wppendley@mountainstateslegal.com

Attorney for Plaintiff

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Young America's Foundation | Robert M. Gates, Secretary, U.S. Department of Defense |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF       Fairfax, Virginia
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

William Perry Pendley
Mountain States Legal Foundation
2596 South Lewis Way, Lakewood, CO 80227
(303) 292-2021

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

○ 3 Federal Question (U.S. Government Not a Party)

◉ 2 U.S. Government Defendant

○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Failure of Secretary of Defense to enforce provisions of 10 U.S.C. 983 ("Solomon Amendment")

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $ [ 0 ]  Check YES only if demanded in complaint
JURY DEMAND:  YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 23 Jul 07     SIGNATURE OF ATTORNEY OF RECORD _____

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.