William Perry Pendley, D.C. Bar No. 378906
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
wppendley@mountainstateslegal.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Young America's Foundation, | ) )  ) |
| *Plaintiff,* | ) ) |
| v. | ) Case No. 1:07-cv-01351-JDB ) |
| Robert M. Gates, Secretary, United States Department of Defense, | ) ) ) ) |
| *Defendant*. | ) ) |

**AMENDED COMPLAINT**

Plaintiff, Young America's Foundation, hereby files this Amended Complaint against the above-named Defendant and alleges as follows:

**JURISDICTION**

1. This Court has jurisdiction pursuant to: (a) 28 U.S.C. § 1331, because the matter in controversy arises under the laws of the United States, including, but not limited to 10 U.S.C. § 983, also known as the Solomon Amendment; (b) 28 U.S.C. § 1361, because Plaintiff is seeking a *writ of mandamus* compelling the Defendant to perform his statutory duty; and, (c) 5 U.S.C. § 706(1),

because Plaintiff seeks to compel action by the Defendant that has been "unlawfully withheld [and] unreasonably delayed."

## VENUE

2.      Venue rests properly in this District, pursuant to 28 U.S.C. § 1391(e)(2), because the Defendant, Secretary, U.S. Department of Defense, resides in this judicial district.

## PARTIES

3.      Plaintiff, Young America's Foundation, ("YAF"), is a nonprofit organization committed to ensuring that young Americans understand and are inspired by, among other things, the importance of a strong national defense.

4.      YAF has approximately 209,094 students, alumni and supporters nationwide.

5.      YAF has 13 students who are currently enrolled at the University of California at Santa Cruz ("UCSC").

6.      Approximately six of these students seek to meet and interview with military recruiters at job fairs conducted by UCSC on its campus but, due to the failure of Defendant to enforce the Solomon Amendment, have been unable to meet with military recruiters on campus.

7.      Defendant Robert M. Gates is the Secretary, U.S. Department of Defense ("DOD"), and, in that capacity, is the principal defense policy adviser to the President and is responsible for the formulation of policy related to all matters of direct concern to the DOD and for the execution of approved policy. Defendant Gates is also responsible for the implementation and administration of the Solomon Amendment.

## BACKGROUND

8. The Solomon Amendment, and the regulations promulgated thereunder, prohibit the distribution of certain federal funds to:

> [A]n institute of higher education (including any subelement of such institution) if the Secretary of Defense determines that the institution (or any subelement of such institution) has a policy or practice (regardless of when implemented) that either prohibits or in effect prevents--
>
> (1) the Secretary of a military department or Secretary of Homeland Security from gaining access to campuses, or access to students (who are 17 years of age or older) on campuses, for purposes of military recruiting in a manner that is at least equal in quality and scope to the access to campuses and to students that is provided to any other employer.

10 U.S.C. § 983(b).

9. Upon information and belief, UCSC received approximately $80 million in federal funds in 2005 and continues to receive tens of millions of dollars in federal funds annually.

10. Upon information and belief, on or about April 5, 2005, UCSC held a job fair, which included recruiters from the U.S. Marine Corps, during which approximately 200 faculty and student protesters stormed the Stevenson Event Center while shouting, banging on windows, and demanding that the military recruiters leave campus. After approximately an hour of such activity by the protesters, the military recruiters vacated their posts and fled the job fair. Upon information and belief several military recruiters discovered that the tires on their vehicles had been slashed.

11. Upon information and belief, no non-military employers were forced to flee the job fair or were subjected to impaired access to the campus or UCSC students.

12.  Upon information and belief, the protesters occupied the military recruiters' table after the military recruiters departed; thereafter, UCSC officials permitted the faculty and student protesters to distribute anti-military literature and agreed to a meeting to discuss future job fairs.

13.  At least one of YAF's students attended this job fair seeking to meet with military recruiters.

14.  No YAF students were able meet with military recruiters at this April 5, 2005 job fair.

15.  Upon information and belief, on or about October 18, 2005, UCSC held a job fair at which military recruiters were present.  Hundreds of faculty and student protesters marched and rallied in protest to the military recruiters' presence and, thus, were able to block access to military recruiters at the job fair.

16.  Upon information and belief, no non-military recruiters were subjected to impaired access to the campus or students.

17.  At least one of YAF's students attended this job fair seeking to meet with military recruiters.

18.  No YAF students were able meet with military recruiters at the October 18, 2005 job fair.

19.  Upon information and belief, on or about April 11, 2006, UCSC held a job fair at which four recruiters from the U.S. Army and U.S. National Guard were present.  After several faculty and student protesters attempted to force themselves inside the fair and other protesters blocked the entrance to the job fair for all students, the military recruiters departed from the job fair due to the unsafe environment for them and UCSC students created by the protesters.

20.  Upon information and belief, no non-military employers were forced to flee the job fair or were subjected to impaired access to the campus or students.

21.    At least one of YAF's students attended this job fair seeking to meet with military recruiters.

22.    No YAF students were able meet with military recruiters at the April 11, 2006 job fair.

23.    On or about April 12, 2006, the undersigned counsel wrote to then-Secretary of Defense, Donald Rumsfeld, advising him of the failure of UCSC to provide the access required by the Solomon Amendment for military recruiters and urging then-Secretary Rumsfeld to withhold the applicable federal funds from UCSC for its violation of the Solomon Amendment.  No response to that letter was ever received.

24.    Upon information and belief, UCSC canceled a job fair that was scheduled for January 31, 2007, due to safety concerns associated with UCSC protesters who planned to oppose the presence of military recruiters on the UCSC campus.

25.    Upon information and belief, the U.S. Army and U.S. Marine Corps recruiters withdrew from a job fair at UCSC that was to take place on or about April 24, 2007, this was one day after student government leaders sent a letter to UCSC administration regarding their expectation that a large faculty and student protest was imminent due to the presence of military recruiters and that that protest would impair students' access to the job fair.

26.    Upon information and belief, none of the non-military employers were cited as possible reasons for the protest nor was it suggested that access to them was likely to be impaired by the protest.

27.    Upon information and belief, UCSC has given tacit approval to the actions of its faculty and students because it has failed to prevent the disruptive and sometimes violent anti-military protests; it has done nothing to insure that military recruiters can safely attend on-campus

job fairs; and it has done nothing to insure that military recruiters can meet with UCSC students attending UCSC job fairs.

28. Upon information and belief, military recruiters' access to the UCSC campus and access to UCSC students on campus has been significantly less than the access provided by UCSC to non-military employers.

29. YAF's students have sought and continue to seek to meet with military recruiters at UCSC job fairs.

30. Upon information and belief, UCSC has a policy and/or practice that prohibits or, in effect, prevents military recruiters from gaining access to campus and/or access to students on campus that is, at least, equal in quality and scope to the access UCSC provides to non-military employers.  Because of this policy and/or practice, military recruiters have been prohibited and/or, in effect, prevented from recruiting on UCSC's campus for approximately three years and YAF's constituents have been injured thereby because they have been unable to access military recruiters during job fairs on campus.

## FIRST CLAIM FOR RELIEF

### (Writ of Mandamus to Compel Defendant to Determine that UCSC is in Violation of Solomon Amendment)

31. Plaintiff incorporates the allegations in paragraphs 1 through 30 as if fully set forth herein.

32. UCSC has a policy and/or practice that either prohibits or, in effect, prevents military recruiters from gaining access to its campus and/or access to its students on campus that is, at least, equal in quality and scope to the access its provides to non-military employers.

33. The Solomon Amendment, and the regulations promulgated thereunder, impose upon Defendant a non-discretionary ministerial duty to make expeditiously a final determination that an

institution has a policy or practice that either prohibits or, in effect, prevents military recruiters from gaining access to its campus and/or access to its students on campus that is, at least, equal in quality and scope to the access its provides to non-military employers. 10 U.S.C. § 983.

34. To date, Defendant has failed to perform this non-discretionary, ministerial duty with respect to UCSC.

35. Defendant's failure to perform this duty has injured Plaintiff and its constituents because it has deprived Plaintiff's constituents of access to military recruiters on the UCSC campus.

36. This Court has the authority, pursuant to 28 U.S.C. § 1361, to issue a writ of mandamus compelling Defendant to make a final determination that UCSC is in violation of the Solomon Amendment, 10 U.S.C. § 983, and is, thus, not eligible to receive certain federal funds.

## SECOND CLAIM FOR RELIEF

**(Writ of Mandamus to Compel Defendant to Withhold Federal Funds)**

37. Plaintiff incorporates the allegations in paragraphs 1 through 36 as if fully set forth herein.

38. The Solomon Amendment, and the regulations promulgated thereunder, provide that, upon a determination by Defendant that an institution of higher education has a policy or practice that either prohibits or, in effect, prevents the military recruiters from gaining access to its campus and/or access to its students on campus that is, at least, equal in quality and scope to the access the institution provides to non-military employers, Defendant shall withhold the federal funds listed in 10 U.S.C. § 983(d)(1) from that institution.

39. This Court has the authority, pursuant to 28 U.S.C. § 1361, to issue a writ of mandamus compelling Defendant to take immediate action to withhold the applicable federal funds from UCSC.

## THIRD CLAIM FOR RELIEF

### (Unreasonable Delay)

40.     Plaintiff incorporates the allegations in paragraphs 1 through 39 as if fully set forth herein.

41.     The Solomon Amendment, 10 U.S.C. § 983, and the regulations promulgated thereunder, impose a duty on Defendant to determine expeditiously that a university has a policy or practice prohibiting or in effect preventing military recruiters from gaining access to its campus and/or access to its students on campus that is, at least, equal in quality and scope to the access its provides to non-military employers.

42.     To date, Defendant has failed to take any administrative action to investigate and/or determine whether UCSC has a policy or practice that prohibits or in effect prevents military recruiters from accessing to its campus and/or accessing its students on campus in a manner that is, at least, equal in quality and scope to the access the institution provides to non-military employers, in spite of numerous instances in which military recruiters were denied access to the UCSC campus and/or its students.

43.     Defendant's failure to act is final agency action within the meaning of the Administrative Procedure Act, ("APA"), 5 U.S.C. § 551 *et seq*.

44.     Plaintiff has suffered a legal wrong and is affected adversely and aggrieved by Defendant's failure to investigate and/or determine that UCSC is in violation of the Solomon Amendment and, thus, is entitled to judicial review thereof.

45.     The APA requires federal courts to compel agency action that is unlawfully withheld or unreasonably delayed.

46. This Court has the authority, pursuant to the APA, to compel Defendant to complete administrative action to investigate and issue a determination, pursuant to the Solomon Amendment, regarding UCSC.

## **FOURTH CLAIM FOR RELIEF**

### **(Unreasonable Delay)**

47. Plaintiff incorporates the allegations in paragraphs 1 through 46 as if fully set forth herein.

48. The Solomon Amendment, 10 U.S.C. § 983, and the regulations promulgated thereunder, impose a duty on Defendant to withdraw federal funds upon a determination that an institution has a policy or practice that either prohibits or, in effect, prevents military recruiters from gaining access to its campus and/or access to its students on campus that is, at least, equal in quality and scope to the access its provides to non-military employers.

49. To date, Defendant has failed to withdraw federal funds from UCSC despite UCSC's policy and/or practice that prohibits or, in effect, prevents military recruiters from gaining access to its campus and/or access to its students on campus that is, at least, equal in quality and scope to the access the institution provides to non-military employers.

50. Defendant's failure to act is final agency action within the meaning of the Administrative Procedure Act, ("APA"), 5 U.S.C. § 551 *et seq*.

51. Plaintiff has suffered a legal wrong and is affected adversely and aggrieved by Defendant's failure to enforce the Solomon Amendment and, thus, is entitled to judicial review thereof.

52. The APA requires federal courts to compel agency action that is unlawfully withheld or unreasonably delayed.

53. This Court has the authority, pursuant to the APA, to compel Defendant to withdraw federal funds from USCS pursuant to the Solomon Amendment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare and adjudge that the University of California at Santa Cruz has a policy and/or practice that prohibits and/or, in effect, prevents military recruiters from access to its campus and/or access to students on its campus that is, at least, equal in quality and scope to the access it provides to non-military employers.

B. Declare and adjudge that Defendant has unlawfully failed to determine that the University of California at Santa Cruz is in violation of the Solomon Amendment.

C. Order Defendant to make a determination that the University of California at Santa Cruz is in violation of the Solomon Amendment.

D. Declare and adjudge that Defendant must take immediate action to withhold the applicable federal funds from the University of California at Santa Cruz.

E. Order Defendant to withhold the applicable federal funds from the University of California at Santa Cruz for its past and ongoing violations of the Solomon Amendment.

F. Award Plaintiff attorneys' fees, costs, and other expenses in accordance with law, including, but not limited to, the Equal Access to Justice Act, 28 U.S.C. § 2412; and

G. Award Plaintiff such other and further relief as the Court deems just and equitable.

DATED this 7th day of December 2007.

Respectfully Submitted By:

MOUNTAIN STATES LEGAL FOUNDATION


/s/ William Perry Pendley
William Perry Pendley, D.C. Bar No. 378906
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
wppendley@mountainstateslegal.com

*Counsel for Plaintiff*